IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| REX WATKINS, #217 981 | * | |
| Petitioner, | * | |
| v. | * | 2:08-CV-976-MEF |
| | | (WO) |
| LEON FORNISS, WARDEN *et al.*, | * | |
| Respondents. | * | |

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, Rex Watkins, on December 9, 2008. In this petition, Petitioner challenges his convictions for six counts of first degree rape and one count of first degree sexual abuse entered against him by the Circuit Court for Covington County, Alabama, on January 28, 1999, following a trial by jury. The trial court sentenced Petitioner to twenty years imprisonment on each of the rape convictions and to ten years imprisonment on the sexual abuse conviction. The court ordered the sentences to run concurrently. The Alabama Court of Criminal Appeals affirmed Petitioner's convictions in a memorandum opinion filed August 18, 2000. Following the Alabama Supreme Court's denial of Petitioner's petition for writ of certiorari on March 23, 2001, the appellate court issued a certificate of judgment the same day. By operation of law, Petitioner's convictions became final on June 22, 2001.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28

U.S.C. § 2254 petitions.[1]  *See* 28 U.S.C. § 2244(d)(1).[2]  The court finds that because Petitioner's convictions became final in 2001- **after** the effective date of the statute of limitations – he must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.  The records before the court reflect that Petitioner filed a Rule 32 petition with the trial court on June 27, 2002.  The court finds that Petitioner's Rule 32 petition did not, however, toll the one-year period of limitation, however, because it was filed after expiration of the limitation period and was, therefore, not pending as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).  (*See Doc. No. 1; Doc. No. 11, Exhs.12, 13, 14; Watkins v. State*, 814 So.2d 1011 (Ala.Crim.App. 2000).)

Upon review of the pleadings filed in this case and the law of this Circuit, it appears that Petitioner's § 2254 petition is precluded from review by this court as it was filed outside the applicable period of limitation.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. §

---

[1] Respondents' limitation argument is limited to noting simply that Petitioner had one year from the finality of his convictions to file a federal habeas corpus petition which they state "he did not do." (*Doc. No. 11 at 13*.). Respondents provide no further discussion, analysis, or legal argument in support of their statute of limitations defense.  The court, therefore, has undertaken a careful review of the pleadings and records filed in this matter in order to make an accurate of assessment of the date on which Petitioner's convictions became final for purposes of determining the applicability of § 2244(d)'s limitation period.

[2] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Petitioner was convicted on six counts of first degree rape and one count of first degree sexual abuse in the Circuit Court for Covington County, Alabama, on January 28, 1999. Petitioner filed a direct appeal. The Alabama Court of Criminal Appeals affirmed Petitioner's convictions on August 18, 2001. Petitioner's application for writ of certiorari to the Alabama Supreme Court was denied on March 23, 2001, and the appellate court issued a certificate of judgment the same day. By operation of law, Petitioner's 1998 convictions became final on June 22, 2001 -- ninety days after the Alabama Court of Criminal Appeals entered its certificate of judgment -- as this is the date on which the time expired for Petitioner to file a petition for writ of certiorari with the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court). Thus, Petitioner's convictions became final on June 22, 2001 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date and ran uninterrupted until the limitation period expired on June 23, 2002.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Petitioner filed a Rule 32 petition, this petition was not pending during the running of the limitation period as it was filed after expiration of this time period.[3] "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). It is, therefore, clear that the state post-conviction petition filed by Petitioner on June 27, 2002 had no affect on the running of the limitation period applicable to the instant federal habeas petition. *Webster*, 199 F.3d at 1259.

Petitioner filed his federal habeas petition on December 9, 2008. Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Petitioner filing the instant § 2254 petition. In light of the foregoing, it is

ORDERED that on or before February 18, 2009 Petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation

---

[3]Petitioner, by and through counsel, filed a Rule 32 petition in state court on June 27, 2002 - 4 days after § 2244(d)'s one-year period of limitation had expired. (*See Doc. No. 1 at 11; Doc. No. 11, Exhs. 9, 10.*)

period established by 28 U.S.C. § 2244(d)(1).

Done, this 28th day of January 2009.

    /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE